## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELLEN WEDEMEYER** | : | |
| **321 Trites Avenue** | : | |
| **Norwood, PA  19074,** | : | |
| | : | **Civil Action** |
| *Plaintiff,* | : | |
| | : | **No.** |
| **vs.** | : | |
| | : | |
| **THE UNITED STATES LIFE** | : | |
| **INSURANCE COMPANY IN THE CITY OF** | : | |
| **NEW YORK** | : | |
| **125 Maiden Lane** | : | |
| **New York, NY 10038** | : | |
| **and** | : | |
| **DISABILITY REINSURANCE** | : | |
| **MANAGEMENT SERVICES, INC.,** | : | |
| **178 Middle Street, Suite 200** | : | |
| **Portland, ME 04101-4075** | : | |
| *Defendant*s | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

## THE PARTIES

1.      Plaintiff, Ellen Wedemeyer, is an adult individual residing in Norwood, Delaware County, Pennsylvania, who is a citizen of the Commonwealth of Pennsylvania.

2.      Defendant, The United States Life Insurance Company in the City of New York, (hereinafter, "Life") is a New York company licensed to do business in the Commonwealth of Pennsylvania, and is a citizen of and is domiciled in the State of New York, with its  principal place of business at 125 Maiden Lane, New York, New York, 10038.

3.      Defendant, Disability Reinsurance Management Services, Inc. (hereinafter,

1

"Disability") is a Maine company licensed to do business in the Commonwealth of Pennsylvania, and is a citizen of and is domiciled in the State of Maine, with its  principal place of business at 178 Middle Street, Suite 200, Portland, Maine  04101-4075 10038.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy is in excess of $75,000, exclusive of interest and costs.  Jurisdiction is further based upon 28 U.S.C. §§ 2201 and 2202 to the extent declaratory relief is being sought.

5.       Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(2), in that events or omissions giving rise to this action took place in this district.

## COUNT I–Plaintiff v. Defendants--BREACH OF CONTRACT

6.       At all times pertinent hereto, the Plaintiff was the named insured and has paid all premiums due under a disability insurance policy issued by the Defendant Life, policy # CL-0086399-00000, issued July 1, 1999 (the "Policy").   A true and correct copy of the Policy is attached as Exhibit "A" and incorporated herein by reference.   This policy was issued and became effective while Plaintiff was a resident of Delaware County, Pennsylvania and is governed by the laws of the Commonwealth of Pennsylvania.

7.       The terms of the Policy oblige the Defendant Life to pay disability benefits to the Plaintiff when she is totally disabled, in the amount of $4,710.24 per month, or 66.66% of her basic monthly pay.

8.       "Total disability" is defined under the terms of the Policy to mean that, due to injury or sickness, [the insured is] completely unable to perform the material and substantial

duties of [her] regular job.  "Your regular job" is that which [the insured was] performing on the day before total disability began.  To be totally disabled, [the insured] must be under the regular care of a physician.

9.      At the time that Plaintiff was covered by the Policy, she was employed as a school principal and campus director of the Embreeville Campus, Center for Alternative Secondary Education, Chester County Intermediate Unit, Chester County, Pennsylvania.

10.     In this capacity, Plaintiff was often required to problem-solve under stressful conditions, in the areas related to teaching and administration.  In that regard, Plaintiff worked long hours, requiring significant physical and cognitive functioning.

11.     On or about April 19, 2001, Plaintiff was involved in an automobile accident, when the vehicle which she was operating was struck in the rear-end while Plaintiff was on her way to work.

12.     Plaintiff briefly lost consciousness after she hit her head on the steering wheel in the accident, which resulted in the following diagnoses:

        a.      Crippling headaches;

        b.      Postconcussion syndrome;

        c.      Hyperextension/hyperflexion injury;

        d.      Cervical radiculopathy;

        e.      Lumbar strain and sprain.

13.     Plaintiff's medical condition renders her totally disabled from performing the material and substantial duties of her own occupation as school principal, as defined by the terms of the Policy.

14.     Plaintiff has at all times thereafter been under the care and attendance of a doctor for her medical condition.

15.     Because of the debilitating nature of her condition and its effects on her ability to perform the substantial and material duties of her job, Plaintiff applied for benefits under the Policy on September 4, 2001, and began receiving benefits shortly thereafter.

16.     On or about December 22, 2004, without basis or any reasonable cause, and without a change in Plaintiff's condition, Defendant Life terminated Plaintiff's benefits.

17.     Plaintiff has continuously applied for benefits, and otherwise fulfilled all preconditions under the Policy for entitlement to benefits, through the date of filing of this Complaint.

18.     Since the termination of her benefits, Plaintiff has been seen and diagnosed by several specialists who confirm the nature and extent of her disability and her inability to perform her job.

19.     Notwithstanding the fact that Defendant Life has been apprised of Plaintiff's ongoing condition and inability to perform her job, it has continuously refused to provide her the benefits to which she is entitled under the terms of this Policy.

20.     Defendant Life has no rational basis for terminating Plaintiff's benefits.

21.     Despite demand, Defendant Life has failed and refused to make any benefit payments since December 2004.

22.     The Policy has a "waiver of premium" provision, pursuant to which Plaintiff is not obligated to pay premiums during the period of disability.

23.     Despite her continued disability, Plaintiff has been wrongfully requested by

4

Defendant Life to continue to pay premiums since December 22, 2004, in order to maintain her Policy in force.

24.     As a result of Defendant Life's breach of contract, Plaintiff has sustained damages consisting of lost benefits, and interest thereon.

25.     Defendant Life engaged Defendant Disability to conduct a sham investigation into whether Plaintiff remained disabled.  In fact, the results of the investigation were a foregone conclusion, in that Defendant Disability determined that it would conclude that Plaintiff was no longer disabled, even before Defendant Disability had examined any evidence.

26.     Defendant Disability performed its sham investigation by hiring investigators who were biased in favor of finding that Plaintiff was no longer disabled, and who deliberately misinterpreted the evidence so as to give great weight to any evidence susceptible of an interpretation that Plaintiff was not disabled, and to give no weight to the great body of evidence indicating that Plaintiff is no longer disabled.

27.     Defendant Disability conspired with Defendant Life to provide Defendant Life with a colorable but false ground for Defendant Life to stop paying Plaintiff's due benefits to her.

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

a.     That Defendants be ordered to pay to Plaintiff the full amount of benefits due and unpaid under the Policy as of the date of judgment, with interest;

b.     That Defendant Life be directed to resume paying monthly disability benefits to Plaintiff, and to continue to pay such benefits in timely fashion for as long as Plaintiff remains totally disabled;

c.     That Defendant Life be ordered to refund to Plaintiff any premiums paid by her

during the period of her disability, with interest; and

      d.      That the Court order such other and further relief, including interest, costs, and

attorneys' fees, as the Court deems equitable, just and proper.


**COUNT II–Plaintiff v. Defendant United States Life Insurance Company of the City of New York-- BREACH OF DUTY OF COVENANT OF UTMOST FAIR DEALING.**

      28.      Paragraphs 1 through 27 of Plaintiff's Complaint, *supra,* are here incorporated by reference.

      29.      As an insurer, Defendant Life owed a duty to Plaintiff, its insured, to evaluate and determine fairly whether Plaintiff was entitled to benefits under the policy; this duty has been held to be described as a duty of utmost fair dealing.

      30.      Defendant breached his duty in its determining of Plaintiff's entitlement to disability benefits.

      **WHEREFORE**, Plaintiff requests judgment against Defendant Life as follows:

      a.      That Defendant Life be ordered to pay to Plaintiff the full amount of benefits due and unpaid under the Policy as of the date of judgment, with interest;

      b.      That Defendant Life be directed to resume paying monthly disability benefits to Plaintiff, and to continue to pay such benefits in timely fashion for as long as Plaintiff remains totally disabled;

      c.      That Defendant Life be ordered to refund to Plaintiff any premiums paid by her during the period of her disability, with interest; and

      d.      That the Court order such other and further relief, including interest, costs, and

attorneys' fees, as the Court deems equitable, just and proper.

## COUNT III–Plaintiff v. Defendants–
## INSURANCE  BAD FAITH UNDER 42 Pa.C.S.A. §8371

31.     The allegations of the preceding paragraphs are incorporated herein by reference.

32.     In terminating Plaintiff's benefits, Defendants failed to objectively and fairly evaluate Plaintiff's claim; asserted reasons for denying the claim that are without reasonable basis in fact; conducted an unreasonable investigation of Plaintiff's claim; improperly placed its own interests ahead of those of its insured; unreasonably withheld benefits; and unreasonably insisted that Plaintiff continue to pay premiums.

33.     By virtue of this conduct, Defendants have violated the covenant of good faith and fair dealing, and committed the tort of insurance bad faith, including, but not limited to, violating 42 Pa.C.S.A. §8371.

34.     Plaintiff has also suffered, and is suffering, significant financial, emotional and physical distress as a result of Defendants' actions.

**WHEREFORE**, Plaintiff requests that the Court award the following damages against Defendants:

a.     Award interest on past due benefits in the amount of the prime rate of interest plus three percent (3%);

b.     Award damages sufficient to compensate Plaintiff for the financial, emotional and physical harm she has suffered due to Defendants' bad faith conduct;

c.     Award punitive damages in an amount to be determined by the trier of fact to be

fair, appropriate, just and sufficient to deter defendant from engaging in such bad faith conduct in the future;

      d.      Award Plaintiff her costs and attorneys' fees.


### COUNT IV–Plaintiff v. Defendants--VIOLATION OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

35.      The allegations of the preceding paragraphs are incorporated herein by reference.

36.      At all relevant times, Defendant Life represented directly or indirectly to Plaintiff that the Policy would protect Plaintiff and ensure her economic station in the event she became disabled and was unable to perform the material and substantial duties of her occupation.

37.      Defendant Life, conspiring with Defendant Disability, deliberately, and in bad faith, sought to circumvent and avoid its obligations under the Policy, and wrongfully terminated and refused to reinstate the benefits that were owing to Plaintiff.

38.      Defendants conducted an unfair and nonobjective investigation of Plaintiff's claim.

39.      It is believed and averred that for all the reasons set forth in this Complaint, Defendants' actions constitute unlawful acts or practices within the meaning of 73 Pa.C.S.A. §201-2, and Defendants are liable to Plaintiff for such actual damages as Plaintiff has sustained, plus attorneys' fees, and treble damages, under the Unfair Trade Practices and Consumer Protection Law.

**WHEREFORE**, Plaintiff demands judgment against Defendants for her actual damages, attorney's fees and costs, and treble damages, under 73 Pa.C.S.A. §201-9.2(a).

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all counts of this Complaint to which she has a right

to trial by jury.

                                                     jmg3822

JOHN M. GALLAGHER (Pa. S.Ct. #02155)

GALLAGHER, SCHOENFELD, SURKIN
  CHUPEIN & DEMIS, P.C.

25 W. Second Street

P.O. Box 900

Media, Pa 19063

(610) 565-4600

*Attorneys for Plaintiff*

Dated:   November 30, 2005

9